IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA    )
                            )
v.                          )    1:13CR54-1
                            )
JODY DELANO HAIRSTON        )

**JUDGMENT AND COMMITMENT**
<u>**Supervised Release Violation Hearing**</u>

On August 27, 2024, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment and Commitment filed in the above-entitled case on November 23, 2020, a copy of which is attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Mark A. Jones, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follow were willful and without lawful excuse.

    Violation 1.   The Defendant tested positive for and admitted to the use of a controlled substance.

**IT IS ORDERED** that the Defendant's supervised release be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. §§ 3553(a) and 3583(e).

**IT IS ORDERED** that the Defendant be committed to the custody

of the Bureau of Prisons for imprisonment for 13 months on Count 2.

**IT IS FURTHER ORDERED** that no additional term of supervision be imposed as to this Defendant.

**IT IS RECOMMENDED** that the Defendant be designated to a Bureau of Prisons facility as close as possible to Horry County, South Carolina.

The Defendant is remanded to the custody of the United States Marshal.

_____
United States District Judge

August 28, 2024.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:13CR54-1
)
JODY DELANO HAIRSTON )

## JUDGMENT AND COMMITMENT
### Supervised Release Violation Hearing

On November 18, 2020, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment filed in the above-entitled case on August 21, 2013, a copy of which is attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by George Entwistle Crump, III, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follow were willful and without lawful excuse.

Violation 2.   The Defendant was arrested for a crime on March 13, 2020.

Violation 3.   The Defendant failed to notify the probation officer within 72 hours of being arrested.

Violation 4.   The Defendant tested positive for a controlled substance on multiple occasions.

Violation 5.   The Defendant was arrested for a crime on September 2, 2020.

IT IS ORDERED that the Defendant's supervised release be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. §§ 3553(a) and 3583(e).

IT IS ORDERED that the Defendant be committed to the custody of the Bureau of Prisons for imprisonment for a period of 24 months on Count 1 and 37 months on Count 2 to run concurrent with each other.

IT IS FURTHER ORDERED that supervised release of 23 months is re-imposed as to Count 2 under the same terms and conditions as previously imposed including the mandatory and standard conditions of release as adopted by the Federal Judicial Conference (effective November 1, 2016). (See Attachment 1.) No further supervised release imposed as to Count 1.

The Defendant is remanded to the custody of the United States Marshal.

_____
United States District Judge

November 19, 2020.

ATTACHMENT I

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse.
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution.
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer.
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense.
7. ☐ You must participate in an approved program for domestic violence.

You must comply with the standard conditions that have been adopted by this court as well as any other conditions on the attached page.

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

### STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least ten (10) days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan

to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least ten (10) days before the change. If notifying the probation officer at least ten (10) days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

ENTERED ON DOCKET
R. 55
AUG 21 2013
BY ~~UNITED STATES~~

# United States District Court
## Middle District of North Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 1:13CR54-1 |
| JODY DELANO HAIRSTON | USM Number: 28920-057 |
| | Gregory Davis, Assistant Federal Public Defender |
| | Defendant's Attorney |

FILED
AUG 21 2013
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By _____

**THE DEFENDANT:**

☒ pleaded guilty to count(s) 1 and 2.
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) and (b)(1)(C) | Possession with Intent to Distribute Cocaine Base (Crack) | August 13, 2011 | 1 |
| 18:924(c)(1)(A)(i) | Carry and Use of a Firearm in Furtherance of a Drug Trafficking Crime | August 13, 2011 | 2 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)
☒ Count(s) 3-9 are dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

August 1, 2013
Date of Imposition of Judgment

/s/ Thomas D. Schroeder
Signature of Judge

Thomas D. Schroeder, United States District Judge
Name & Title of Judge

August 20, 2013
Date

Case 1:13-cr-00054-TDS Document 13 Filed 08/21/13 Page 1 of 6
Case 1:13-cr-00054-TDS Document 41 Filed 11/23/20 Page 6 of 11
Case 1:13-cr-00054-TDS Document 65 Filed 08/29/24 Page 8 of 13

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 95 months.

[35 months on Count 1 and 60 months on Count 2 to run consecutive to Count 1]

☒ The court makes the following recommendations to the Bureau of Prisons: the defendant be designated a facility as near as possible to his home so that he may be visited by any family members, including his son. The defendant be considered for drug treatment with his firearm convictions.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

☐ at _____ am/pm on _____.

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 pm on _____.

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

Case 1:13-cr-00054-TDS  Document 13  Filed 08/21/13  Page 2 of 6
Case 1:13-cr-00054-TDS  Document 41  Filed 11/23/20  Page 7 of 11
Case 1:13-cr-00054-TDS  Document 65  Filed 08/29/24  Page 9 of 13

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

[Three (3) years on Count 1 and five (5) years on Count 2]

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:13-cr-00054-TDS   Document 13   Filed 08/21/13   Page 3 of 6
Case 1:13-cr-00054-TDS   Document 41   Filed 11/23/20   Page 8 of 11
Case 1:13-cr-00054-TDS   Document 65   Filed 08/29/24   Page 10 of 13

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall provide any requested financial information to the probation officer.

The defendant shall not incur any new credit charges or open additional lines of credit without the approval of the probation officer.

The defendant shall submit to substance abuse testing, at anytime, as directed by the probation officer. The defendant shall cooperatively participate in a substance abuse treatment program, which may include drug testing and inpatient and residential treatment, and pay for treatment services, as directed by the probation officer. During the course of treatment, the defendant shall abstain from the use of alcoholic beverages.

The defendant shall submit his person, residence, office, vehicle, or any property under his control to a warrantless search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

Case 1:13-cr-00054-TDS   Document 13   Filed 08/21/13   Page 4 of 6
Case 1:13-cr-00054-TDS   Document 41   Filed 11/23/20   Page 9 of 11
Case 1:13-cr-00054-TDS   Document 65   Filed 08/29/24   Page 11 of 13

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 200.00 | $ | $ |

☐ The determination of restitution is deferred _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
|  |  |  |  |
| TOTALS | $ | $ |  |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for   ☐ fine   ☐ restitution.

☐ the interest requirement for   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:13-cr-00054-TDS   Document 13   Filed 08/21/13   Page 5 of 6
Case 1:13-cr-00054-TDS   Document 41   Filed 11/23/20   Page 10 of 11
Case 1:13-cr-00054-TDS   Document 65   Filed 08/29/24   Page 12 of 13

DEFENDANT: JODY DELANO HAIRSTON
CASE NUMBER: 1:13CR54-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or

    ☒ In accordance with ☐ C, ☐ D, ☐ E, or ☒ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☒ Special instructions regarding the payment of criminal monetary penalties:

**To the extent the defendant cannot immediately comply, the Court will recommend he participate in the Inmate Financial Responsibility Program.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, P. O. Box 2708, Greensboro, NC 27402, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: **upon completion of the appellate process, the firearm be returned to its rightful, lawful owner. If they cannot be determined, that the firearm be destroyed and the contraband including controlled substances be destroyed.**

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:13-cr-00054-TDS Document 13 Filed 08/21/13 Page 6 of 6
Case 1:13-cr-00054-TDS Document 41 Filed 11/23/20 Page 11 of 11
Case 1:13-cr-00054-TDS Document 65 Filed 08/29/24 Page 13 of 13